UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROBERT BOYDSTON, STEPHANIE BOYDSTON, CHARLES ADAMS, and GERTRUDE ADAMS,

    Plaintiffs,

v.                                                            Case No: 6:16-cv-1211-Orl-40KRS

HOME DEPOT USA, INC. and ARMSTRONG FLOORING, INC.,

    Defendants.

## ORDER

This cause comes before the Court on the following:

1. Plaintiffs' Motion for Leave to File Notice of Voluntary Dismissal Without Prejudice (Doc. 38), filed May 12, 2017;

2. Defendants' Response in Opposition to Plaintiffs' Motion for Leave to File Notice of Voluntary Dismissal Without Prejudice and Defendants' Motion for Dismissal With Prejudice, Attorney's Fees and Costs (Doc. 40), filed May 23, 2017;

3. Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion for Dismissal With Prejudice (Doc. 42), filed June 2, 2017; and

4. Defendants' Unopposed Motion to Remove Case From Trial Docket and to Suspend Pretrial Deadlines Pending Rulings on Dispositive Motions (Doc. 43), filed June 2, 2017.

1

I.   **BACKGROUND**

On April 6, 2016, Plaintiffs initiated this lawsuit against Defendants in state court, and, on July 5, 2016, Defendants removed. In their operative Complaint, Plaintiffs allege eight claims relating to the purchase and use of certain engineered wood flooring product that was manufactured by one Defendant and sold by the other. Plaintiffs claim that the wood flooring product contained excessive levels of formaldehyde and that Plaintiffs suffered injuries as a result. Defendants answered Plaintiffs' Complaint on September 22, 2016.

During a pre-suit investigation of their claims, Plaintiffs submitted samples of the wood flooring product for testing, which ultimately disclosed that the wood flooring product **contained** excessive levels of formaldehyde. However, during discovery in this case, Defendants submitted samples of the wood flooring product for testing as well, and those tests revealed that the wood flooring product did not **emit** a detectable amount of formaldehyde. According to the parties, it eventually became understood that Defendants employed a superior, more accurate type of testing and that this testing is the only accepted methodology for determining whether the wood flooring product at issue is hazardous in the way Plaintiffs allege. Further complicating Plaintiffs' case, Plaintiffs discovered that the non-retained expert they consulted with to interpret the results of their testing intends to recant his prior findings—the findings Plaintiffs relied on in filing this lawsuit in the first place.

Due to these issues, Plaintiffs now seek to voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(2), and they ask that their dismissal be without prejudice. Defendants object, arguing that dismissal should be with prejudice due to the

2

enormous expense they have incurred because of this litigation, and they ask the Court to award their reasonable attorney's fees and costs. In the alternative, Defendants contend that, if the Court permits Plaintiffs to voluntarily dismiss this case without prejudice, the Court should pre-emptively award costs pursuant to Rule 41(d)(1) in the event Plaintiffs refile their lawsuit.

## II. DISCUSSION

Federal Rule of Civil Procedure 41 permits a plaintiff to voluntarily dismiss an action at any time before the defendant files an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(A)(i). Once the defendant either answers the plaintiff's complaint or moves for summary judgment, the plaintiff may only voluntarily dismiss the case with the defendant's stipulated consent or with the Court's permission. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii), (a)(2). When the plaintiff seeks the Court's permission, the Court may grant voluntary dismissal on terms the Court considers proper. Fed. R. Civ. P. 41(a)(2). Pertinent to this Order, the Court may pre-emptively award the defendant all or part of the costs it incurred in the voluntarily dismissed action should the plaintiff refile his or her case in the future. Fed. R. Civ. P. 41(d)(1).

Courts should grant a plaintiff's motion for leave to voluntarily dismiss "unless the defendant will suffer clear legal prejudice." *McCants v. Ford Motor Co.*, 781 F.2d 855, 856–57 (11th Cir. 1986). It is well-settled that "the mere prospect of a subsequent lawsuit" does not constitute clear legal prejudice. *Id.* Nevertheless, a district court should weigh the equities and determine what conditions, if any, should be attached to a voluntary dismissal. *See id.* When the plaintiff seeks a voluntary dismissal without prejudice, it may be appropriate to pre-emptively award the defendant its costs of litigation in the event

3

the plaintiff refiles his or her claims, especially where the defendant has expended considerable cost in litigating the case. *See Carolina Cas. Ins. Co. v. Bogin Munns & Munns, P.A.*, No. 6:07-cv-1999-Orl-19DAB, 2008 WL 2439812, at *3 (M.D. Fla. June 13, 2008).

After reviewing the parties' briefs and the record as a whole, the Court finds that Defendants will not suffer clear legal prejudice should Plaintiffs be permitted to voluntarily dismiss this action. However, the Defendants have been put through considerable expense in defending against Plaintiffs' claims, including engaging in discovery, conducting five depositions, and retaining an expert to analyze the wood flooring product at issue. Accordingly, the Court will award Defendants their costs of litigation in this case should Plaintiffs refile their claims.

### III. CONCLUSION

It is therefore **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion for Leave to File Notice of Voluntary Dismissal Without Prejudice (Doc. 38) is **GRANTED**. This case is **DISMISSED WITHOUT PREJUDICE**.

2. Defendants' Motion for Dismissal With Prejudice, Attorney's Fees and Costs (Doc. 40) is **GRANTED IN PART** and **DENIED IN PART**. Defendants' motion is granted to the extent that Plaintiffs' voluntary dismissal of this action is conditioned on the payment of Defendants' costs should Plaintiffs file a new action based on or including the same claims asserted in this action. The motion is otherwise denied.

3. Pursuant to Federal Rule of Civil Procedure 41(d)(1), a Defendant shall recover the reasonable costs it incurred in this action from any Plaintiff who files a new action against the Defendant that is based on or includes the same claim(s) asserted in this action.

4. Defendants' Unopposed Motion to Remove Case From Trial Docket and to Suspend Pretrial Deadlines Pending Rulings on Dispositive Motions (Doc. 43) is **DENIED AS MOOT**.

5. The Clerk of Court is **DIRECTED** to close the file.

**DONE AND ORDERED** in Orlando, Florida on August 8, 2017.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record

5